RYDER, Judge.
Barringer appeals the sentences imposed on resentencing, alleging that the court imposed punishment harsher than the original sentences, contrary to the dictates of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
Appellant pled guilty to four counts of burglary, and one count each of sale and possession of marijuana. The court sentenced appellant to consecutive four year terms on each of the burglary counts, and another consecutive four year term for sale and possession. This court reversed in an earlier appeal because the single sentence imposed for sale and possession was an illegal general sentence. Barringer v. State, 362 So.2d 166 (Fla. 2d DCA 1978).
On remand, the trial court again imposed consecutive four year sentences on each of the burglary counts, and another consecutive four year sentence for sale of marijuana. The court did not impose a sentence for possession of marijuana, finding that it merged into sale.
We reject the contention that the identical sentences imposed on remand were harsher, and find no merit in the other points raised.
AFFIRMED.
GRIMES, C. J., and OTT, J., concur.